**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-2997-WJM

PAULA NICOLE BARELA,

      Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING DECISION OF ADMINISTRATIVE LAW JUDGE**

---

      This matter is before the Court on review of Defendant Commissioner of the Social Security Administration Andrew M. Saul's (the "Commissioner's") decision denying Plaintiff Paula Nicole Barela's application for Supplemental Security Income ("SSI") benefits.  For the reasons set forth below, the Commissioner's decision denying Plaintiff's application for SSI benefits is reversed, and the matter is remanded for an immediate award of benefits.

## I. BACKGROUND

      Plaintiff was born in 1978 and was 34 years old on December 6, 2012, the date the application was filed.  (Administrative Record ("R.") [ECF No. 11] at 655.)  She has a limited education and can communicate in English.  (*Id.*)  She has no past relevant work.  (*Id.*)

      On December 6, 2012, Plaintiff filed an application for SSI, alleging that she became disabled on November 23, 2012.  (R. at 25, 641.)  She alleged that her

disability began in November 2012 due to seizures, a concussion, a previous heart attack, and injuries stemming from a car accident.  (R. at 710.)  In a decision issued on May 27, 2014, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled and not entitled to SSI because she retained the residual functional capacity ("RFC") to perform a range of light work, and there was a significant number of jobs that she could perform, given the limitations in her RFC determination.  (R. at 25–36.)

After the Appeals Council denied review, Plaintiff appealed the ALJ's decision to the United States District Court.  (R. at 732–34.)  On January 24, 2017, U.S. District Judge Marcia S. Krieger reversed the Commissioner's decision and remanded the case to the Commissioner for a new hearing.  (R. at 707–31.)  The Appeals Council remanded Plaintiff's claim to the ALJ for further proceedings.  (R. at 701–04.)

The ALJ held a new administrative hearing in January 2018.  (R. at 664–700.) On April 13, 2018, the ALJ issued a decision denying Plaintiff's claims.  (R. at 639–56.) The Appeals Council denied Plaintiff's request for review of that decision in August 2019, rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review.  (R. at 621–26.)

## II. THE ALJ's DECISION

On April 13, 2018, the ALJ denied Plaintiff's claim for benefits in a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  (R. at 639–56.)  At step one, the ALJ found that Plaintiff had not engaged in

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his or her past relevant work; and, if not, (5) could perform other work in the national economy.

substantial gainful activity since December 6, 2012, the application date. (R. at 641.)
At step two, the ALJ found that Plaintiff had the following severe impairments: coronary
artery disease and chronic heart failure status post myocardial infarction; a seizure
disorder called seizure disorder, epilepsy, or complex partial seizure disorder; mild
cervical osteoarthritis; obesity; anxiety; and major depressive disorder/depression. (*Id.*)
At step three, the ALJ found that Plaintiff did not have an impairment or combination of
impairments that met or medically equaled the severity of one of the listed impairments
in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. at 643.)

Regarding Plaintiff's residual functional capacity ("RFC"), the ALJ found:

> [T]he claimant has the residual functional capacity to
> perform a reduced range of light work as defined in 20 CFR
> 416.967(b) as follows: the claimant can occasionally lift and
> carry 20 pounds and can frequently lift and carry 10 pounds;
> she can stand and/or walk for six hours in an eight-hour
> workday; she can sit for six hours in an eight-hour workday;
> she can never climb ladders, ropes, or scaffolds; she can
> only occasionally climb ramps and stairs; she can have no
> exposure to hazards, including dangerous machinery, the
> operation of heavy machinery, working at heights, or
> commercial driving; and, the claimant can understand,
> remember, and carry out simple tasks and instructions,
> specifically defined as SVP 1 or 2 jobs.

(R. at 645.)

At step four, the ALJ determined that Plaintiff has no past relevant work. (R. at
655.) At step five, taking into account Plaintiff's age, education, work experience, and
RFC, the ALJ determined that there are jobs that exist in significant numbers in the

---

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51
(10th Cir. 1988). The claimant has the burden of proof through steps one to four; the
Commissioner has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th
Cir. 2007).

3

national economy that Plaintiff can perform. (R. at 655.) Based on the hearing testimony from a vocational expert, the ALJ determined that Plaintiff could perform such jobs as assembler of small products, cleaner, and fast foods worker. (R. at 655–56.) Consequently, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since December 6, 2012, the date the application was filed. (R. at 656.)

### III. STANDARD OF REVIEW

The Court's review of a determination that a claimant is not disabled is limited to determining whether the record contains substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "Evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. However, the Court "may not reweigh the evidence nor substitute [its] judgment" for the Commissioner's. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Additionally, "[t]here are specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Reyes v. Bowen*, 845 F.2d 242, 244

(10th Cir. 1988).  "Failure to follow these rules constitutes reversible error."  *Id*.

## IV. ANALYSIS

Plaintiff advances four grounds for vacating the decision below: (1) the ALJ did not express valid reasons for rejecting Dr. Frommelt's mental limitations; (2) the ALJ did not have valid reasons for rejecting Dr. Devere's physical restrictions; (3) the ALJ did not have valid reasons for assigning great weight to Dr. Barrett's opinion of physical restrictions; and (4) the ALJ did not have valid reasons for rejecting Dr. MacKerrow's physical restrictions, or for assigning greater weight to Dr. Barrett's opinion than he assigned to Dr. MacKerrow's opinion.  (ECF No. 13 at 4.)  The Court need only address Plaintiff's last argument, as it provides a basis for vacating the decision of the Commissioner denying Plaintiff SSI benefits, and remanding this case for an immediate award of benefits.

Dr. MacKerrow, Plaintiff's treating cardiologist, completed a Cardiac Questionnaire (the "Questionnaire") on December 11, 2017.  (R. at 919-22.)  The Questionnaire stated that Dr. MacKerrow's medical specialty is cardiology, and that he has treated Plaintiff since 2010, seeing her for office visits two to three times per year to treat her congestive heart failure.  (R. at 919.)  Dr. MacKerrow identified Plaintiff's symptoms as shortness of breath, weakness, and fatigue.  (*Id.*)  He opined that Plaintiff is capable of low stress jobs, and that ten pounds is the maximum amount Plaintiff can lift and carry for up to one-third of an eight hour work day.  (R. at 921.)  Dr. MacKerrow stated that Plaintiff's "NYHA Class 3 chronic systolic heart failure due to a previous large anterior MI" supports his conclusions.  (R. at 922.)

Regarding Dr. MacKerrow's opinion, the ALJ stated:

5

> I considered the opinion of Stephen MacKerrow, M.D., rendered December 11, 2017, and gave it little weight overall (Exhibit 24F). Dr, Mackerrow [*sic*] essentially opined the claimant met part A of listing 4.02, which is supported by the evidence, but fails to assess the components of part B indicating the claimant did perform an exercise test. She [*sic*] further opines the claimant is capable of sedentary work in low stress jobs, which I do not find supported by the evidence, and gave minimal weight. As such, I gave this opinion little weight overall.

(R. at 654.) In crafting the RFC, the ALJ did not follow Dr. MacKerrow's opinion on Plaintiff's physical limitations, instead determining she can occasionally lift and carry 20 pounds and can frequently lift and carry 10 pounds.

On appeal, Plaintiff argues that the ALJ's reasoning for assigning little weight to Dr. MacKerrow's opinion—that it was not supported by the record—is "far too non-specific and cannot be effectively reviewed." (ECF No. 13 at 25.) In addition, Plaintiff further contends that the ALJ failed to consider the relevant weighing factors listed in the weighing regulation. (*Id.* (citing 20 C.F.R. § 416.927(c)).) In conclusion, Plaintiff requests that the Court reverse the ALJ's decision and award benefits without a remand for a new hearing. (*Id.* at 27.)

In response, the Commissioner argues that Dr. MacKerrow's opinion deserved little weight, as his treatment notes did not document strength limitations. (ECF No. 20 at 15.) In addition, the Commissioner argues that the other physical examination records, which showed Plaintiff had normal motor function, also contradict Dr. MacKerrow's opinion. (*Id.*) Finally, even if the ALJ erred in his articulation of the weighing factors, the Commissioner contends that "such error would be harmless," as the overwhelming evidence of record either contradicted or failed to support Dr.

MacKerrow's opinion.  (*Id.* at 15–16.)

The analysis of how much weight to accord a treating physician's opinion is sequential:

> An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted) (citing SSR 99-2p, 1996 WL 374188 (July 2, 1996)).

The ALJ did not perform the sequential analysis outlined above.  Rather, the ALJ accorded "little weight overall" to Dr. MacKerrow's opinion, without first considering whether it was to be given controlling weight.  (R. at 654.)  The Tenth Circuit has held that the language "according little weight" indicates that an ALJ is effectively rejecting a medical opinion.  *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012).  Therefore, the Court finds that the ALJ effectively rejected the medical opinion of Dr. MacKerrow, Plaintiff's treating cardiologist over the course of a seven-year period, without any discussion as to whether it should be given controlling weight.

Even if the ALJ had considered whether Dr. MacKerrow's opinion was to be given controlling weight, a determination that the opinion does not deserve controlling weight does "not [mean] that the opinion[s] should be rejected.  Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927."  SSR 96-2p, 1996 WL 374188, at *4

(July 2, 1996).  Those factors are:

> (1) the length of the treatment relationship and the frequency
> of examination; (2) the nature and extent of the treatment
> relationship, including the treatment provided and the kind of
> examination or testing performed; (3) the degree to which
> the physician's opinion is supported by relevant evidence;
> (4) consistency between the opinion and the record as a
> whole; (5) whether or not the physician is a specialist in the
> area upon which an opinion is rendered; and (6) other
> factors brought to the ALJ's attention which tend to support
> or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th

Cir. 2001)).  Following consideration of the pertinent factors, an ALJ must "give good

reasons in the notice of determination or decision for the weight he ultimately assigns

the opinion."  *Id.* (alterations and citation omitted).

In reaching his determination as to Dr. MacKerrow's opinion, the ALJ failed to

address, the length of the treatment relationship and frequency of examination, the

nature and extent of the treatment relationship, or whether the physician is a specialist

in the area upon which the opinion is rendered.  The ALJ provided no explicit discussion

of these factors in his opinion. The omission of the length of the treatment relationship

is especially important.  *See Miranda v. Astrue*, 2011 WL 1465572, *2 (D. Colo. Apr. 18,

2011) (referring to an ALJ's inadequate analysis of a treating physician's opinion as

"particularly problematic" given the treating physician's three year relationship with the

plaintiff).  Dr. MacKerrow had treated Plaintiff for seven years when he completed the

Questionnaire, seeing Plaintiff two to three times per year.  (R. at 919.)  The ALJ did not

discuss this relationship at all in according Dr. MacKerrow's opinion on physical

restrictions little weight.  Further, the ALJ did not mention that Dr. MacKerrow is a

8

specialist in cardiology, even though Plaintiff's severe impairments include coronary artery disease and chronic heart failure status post myocardial infarction.  (R. at 641.)

  To the extent the Commissioner argues that the record shows that Plaintiff had normal motor function and no strength limitations, which support the ALJ's determination to accord Dr. MacKerrow's opinion on Plaintiff's strength and stress limitations little weight, this argument is unavailing.  As Plaintiff asserts, however, Dr. MacKerrow's opinion was based on his treatment of Plaintiff's chronic heart failure, and there is no reason why a treating cardiologist could not assess lifting and stress restrictions based on that condition alone.  (ECF No. 21 at 9.)

  Because the Court concludes that the ALJ did not follow the correct legal standards in considering the opinion of Plaintiff's treating cardiologist, the Court reverses the ALJ's decision.[2]  On this basis, the Court must either reverse the ALJ's decision and remand for an immediate award of benefits, or remand for further fact-finding.

  Given that this case has already been remanded once, and thus has had the benefit of factual development and briefing for two hearings, and has now undergone two appeals, the Court concludes that there is little to be gained from additional fact-finding and will reverse the decision of the ALJ and remand for an immediate award of benefits.  "The Secretary is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion."

---

[2] Because the Court vacates and remands for the reasons stated above, the Court need not address the other arguments Plaintiff raises.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006).

*Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir.1993) (internal quotation marks and citation omitted).

The Tenth Circuit has indicated that "outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose." *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989).  Reversal and remand for an award of benefits is appropriate when "the record fully supports a determination that [a plaintiff] is disabled as a matter of law and is entitled to the benefits for which he applied."  *Id*.  The Court has the discretion to award benefits when a remand for additional fact-finding would not serve a useful purpose "but would merely delay the receipt of benefits."  *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (quoting *Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 545 (10th Cir. 1987)).

The Court finds that a remand in this case for additional fact-finding would not serve any useful purpose, and additionally finds there is no need for further proceedings other than to remand for an award of benefits.  *Sisco*, 10 F.3d at 746.

### V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The decision of the Commissioner denying Plaintiff Paula Nicole Barela's application for SSI benefits is REVERSED;

2. This case is REMANDED for an immediate award of benefits **as of November 23, 2012**;

3. The Clerk shall enter judgment in favor of Plaintiff and against Defendant and shall terminate this case; and

4.      Plaintiff shall have her costs, if any, upon compliance with D.C.COLO.LCivR

        54.1.

        Dated this 4th day of January, 2021.

                                                    BY THE COURT:

                                                    _____
                                                    William J. Martínez
                                                    United States District Judge